IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

IRIS BROWN                                                                                           PLAINTIFF
ADC #709964

V.                          Case No. 3:25-CV-00125-JM-BBM

ADC, Medical                                                                                       DEFENDANT

**ORDER**

**I.   INTRODUCTION**

On June 30, 2025, Iris Brown ("Brown"), an inmate currently incarcerated in the McPherson Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that "ADC, Medical" violated her constitutional rights. (Doc. 2). Before Brown may proceed with this action, the Court must screen her claims in accordance with the Prison Litigation Reform Act ("PLRA").[1] 28 U.S.C. § 1915A(a).

**II.  ALLEGATIONS**

Brown alleges that, on an unspecified date, she told Nurse Hadley Owens ("Owens") that her kidney was infected.[2] (Doc. 2 at 4). However, the "only thing they did"

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] Brown writes Nurse Owens's name as "Nurse Handy." (Doc. 2 at 4). The Court gathers from her attached medical records, *e.g.*, *id.* at 7, 49–50, that Brown is referring to Nurse Owens when she mentions Nurse Handy.

was tell Brown that her back is hurting "because of the bed."[3] *Id*. Unnamed staff members told Brown to "keep putting in sick call[s]." *Id*. Brown asked "her" for a second opinion, and "she" told Brown no, but "they" still placed Brown on medication for an infection and would not do anything else. *Id*. Brown alleges that now her back is messed up, she cannot stand very long, and she does not know why "they won't let me see a doctor." *Id*.

Brown attaches several medical records to her Complaint, which appear to be from a social security administrative record. (Doc. 2 at 4–39, 41–96). Brown does not explain the purpose of these medical records, but at least some of the records appear related to her claims of a kidney infection and back pain. *See, e.g., id.* at 57–59, 62, 69–70.

Brown also attaches grievance documents, variously referencing Nurse Owens, kidney issues, and the refusal to let Brown see a doctor. (Doc. 2 at 97–112). Brown sues the Defendant in its official and individual capacity. *Id.* at 2. She asks the Court to "let [her] take an MRI or catscan" and requests damages. *Id*. at 4-5.

## III. INITIAL SCREENING

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id*. Further,

---

[3] Throughout this Order, any capitalization, spelling, or grammatical errors are corrected internally without brackets.

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

However, "[a] *pro se* complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted). Liberally construing Brown's Complaint, she fails to allege any plausible claims against the Defendant, "ADC, Medical."

### A. Official-Capacity Claims

State agencies, such as the ADC, are not "persons" that can be sued under 42 U.S.C. § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *McDowell v. Dawson*, 221 Fed. Appx. 497, 498 (8th Cir. 2007) (unpublished) (Missouri Department of Corrections was not "person" under § 1983); *Brown v. Missouri Department of Corrections*, 353 F.3d 1038, 1041 (8th Cir. 2004). Additionally, any monetary claim against the ADC is barred by sovereign immunity. *Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989).

Brown can bring an official-capacity claim against a proper individual defendant, and such claim would be considered a claim against the State of Arkansas itself. However, in order to bring an official-capacity claim, Brown must allege facts showing that any underlying constitutional violation was the result of an ADC policy, custom, or failure to train. *See Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). As currently pleaded, Brown makes no such allegations.

### B. Deliberate Indifference to Serious Medical Needs

The crux of Brown's Complaint is that she was denied adequate medical care for her kidney and back issues. To plead a plausible inadequate-medical-care claim under the Eighth Amendment, there must be facts suggesting: (1) Brown had an objectively serious need for medical care; and (2) Defendants subjectively knew of, but deliberately disregarded, that serious medical need. *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). As to the second element, deliberate indifference is a high threshold that goes well beyond negligence or gross negligence. *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). To establish deliberate indifference, there must be facts suggesting Defendants "recognized that a substantial risk of harm existed *and* knew that their conduct was inappropriate in light of that risk." *Shipp*, 9 F.4th at 703 (emphasis in the original); *Smith v. Lisenbe*, 73 F.4th 596, 600 (8th Cir. 2023). A mere disagreement with the course of medical care does not rise to the level of a constitutional violation. *Langford*, 614 F.3d at 460; *Barr*, 909 F.3d at 921–22.

Brown asserts that, on an unspecified date, she told Nurse Owens that her kidney was infected. (Doc. 2 at 4). Her pain was dismissed as relating to her sleeping arrangements. *Id.* When Brown asked for a second opinion, she was denied. *Id.* Yet, Brown was still provided medication for an infection. *Id.* Brown's back continues to hurt, and she has not been allowed to see a doctor. *Id.*

There are several deficiencies with these allegations. First, the only person identified in Brown's allegations, Nurse Owens, is not a Defendant in this action. But Brown purports

to bring individual-capacity claims. As the Court referenced above, Brown cannot allege an individual-capacity claim against the ADC; therefore, to state an individual-capacity claim against any person, Brown must name a person as a Defendant. And, in § 1983 actions, government officials are only liable for their "*own* individual actions." *Iqbal,* 556 U.S. at 676 (emphasis added).

Brown also complains of a kidney infection but admits that she was provided medication for an infection. (Doc. 2 at 4). As pleaded, an allegation that Brown received prescription treatment for her alleged illness does not state a deliberate-indifference claim. Additionally, while Brown asked for a second opinion, and Nurse Owens allegedly declined, (Doc. 2 at 4), as pleaded, Brown's mere disagreement with Nurse Owens's care does not rise to the level of a constitutional violation. *Langford*, 614 F.3d at 460; *Barr*, 909 F.3d at 921–22.

Brown further alleges that her "back is messed up," (Doc. 2 at 4), but without further factual enhancement—including dates and times of treatment—it is not entirely clear whether her back issues are related to the care she received on an unspecified date from Nurse Owens. Indeed, in the medical records attached to the Complaint, Brown reported having back problems for years. *Id.* at 70.

Finally, Brown alleges that she does not know why "they" refuse to let her see a doctor. (Doc. 2 at 4). It is unclear who "they" are, and it is further unclear when or how "they" refused to let Brown see a doctor. Additionally, while Brown attached grievance documents to her Complaint, and the grievance documents reference similar problems to the allegations in Brown's Complaint—including kidney issues and refusing to let Brown

5

see a doctor—the grievances do not shed any light on *what* exact provider visits Brown takes issue with. In short, Brown may not simply attach medical records and grievances to her Complaint and claim that her medical care is constitutionally deficient. She must state <u>who</u> she takes issue with, <u>what</u> those people did, <u>when</u> the events took place, and <u>why</u> those actions rise to the level of a constitutional violation. For all of these reasons, Brown fails to state any plausible deliberate-indifference claim.

## IV.     OPPORTUNITY TO AMEND

The Court will allow Brown thirty (30) days from the date of this Order to file an amended complaint to correct the deficiencies in her current pleading. Any amended complaint must specify the constitutional rights that Brown alleges were violated, list the Defendants that she believes were *personally involved* in violating her constitutional rights, and explain *how* those Defendants were personally involved. If Brown seeks to state an official-capacity claim, she must state the basis for doing so.

Brown is placed on notice that, if she files an amended complaint, that pleading will supersede her previous Complaint. *See In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Accordingly, her Amended Complaint should contain *all Defendants* she seeks to name in this matter, *all claims* she seeks to pursue in this action, and *the factual predicate* for all claims against all Defendants. If Brown elects not to file an amended complaint, the Court will proceed to screen her June 30, 2025 Complaint, (Doc. 2).

## V.     CONCLUSION

IT IS THEREFORE ORDERED THAT:

1.      The Clerk is directed to mail Brown a § 1983 complaint form that is labeled "Amended Complaint."

2.      Brown will be allowed to file, **within thirty (30) days of the date of this Order**, an Amended Complaint containing the facts described in this Order, which are necessary to support her claims. If she elects not to file a timely Amended Complaint, the Court will screen her original Complaint.

SO ORDERED this 20th day of October, 2025.

_____
UNITED STATES MAGISTRATE JUDGE